**ABBOTT LABORATORIES, INC.,**
**Plaintiff-Appellee,**

v.

**CURTIS LABORATORIES, INC.,**
**Defendant-Appellant.**

**CURTIS LABORATORIES, INC.,**
**Plaintiff-Appellant,**

v.

**ABBOTT LABORATORIES, INC.,**
**Defendant-Appellee.**

**Nos. 76–1351, 77–3945.**

United States Court of Appeals,
Ninth Circuit.

June 4, 1979.

G. P. McAndrews, Molinare, Allegretti, Newitt & Witcoff, Chicago, Ill., for plaintiff-appellee.

James W. Geriak, Lyon & Lyon, Los Angeles, Cal., for defendant-appellant.

Before CHAMBERS, ELY, and WALLACE, Circuit Judges.

PER CURIAM:

Abbott Laboratories, Inc. (Abbott) filed a patent infringement action against Curtis Laboratories, Inc. (Curtis) in February, 1975. The patent in suit involved the use of a buffered solution in a chemical process for the detection of hepatitis in human blood, plasma, and serum. Both Abbott and Curtis were actively engaged in marketing hepatitis detection kits at the time, and both made use of the buffered solution. Approximately seven months after the suit's filing, Curtis substituted a noninfringing water solution for the buffered solution allegedly patented by Abbott. Soon thereafter, Abbott moved to dismiss its Complaint and Curtis' Counterclaim for patent invalidity on the basis that Curtis' infringement had terminated and that past damages were *de minimus.* After extensive briefing and oral argument, the District Court dismissed Abbott's Complaint without prejudice and dismissed Curtis' Counterclaim for patent invalidity without leave to amend. The court further awarded Curtis attorney fees in the amount of $500.

Curtis now appeals the dismissal of its Counterclaim and seeks additional attorney fees pursuant to 35 U.S.C. § 285.[1]

---

1. 35 U.S.C. § 285 provides:
   The court in exceptional cases may award reasonable attorney fees to the prevailing party.

After careful consideration of the arguments presented and the applicable authorities, we conclude that the Curtis' appeals on these issues are without merit. The District Court properly dismissed the Counterclaim without leave to amend, and acted well within its discretion in refusing to grant attorney fees in excess of $500.

The consolidated case on appeal is an outgrowth of the litigation previously described. After dismissal of its Counterclaim, Curtis initiated an action against Abbott in another District Court and alleged (1) violation of Section 2 of the Sherman Act, and (2) unfair competition under California state law. The District Court granted Abbott's Motion to Dismiss with prejudice and without leave to amend. Curtis filed a Motion for Reconsideration or, in the alternative, for Leave to Amend. The District Court denied the motions after briefing and oral argument.

As to the Sherman Act claims, we agree with the District Court's view that the claims of the illegal patent, in and of themselves, must provide the monopoly power proscribed by Section 2 of the Sherman Act when applied to facts such as alleged herein. *See Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.,* 382 U.S. 172, 177, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Ekco Products, Inc. v. Dare Plastics,* 173 U.S.P.Q. 664 (S.D.Ohio 1972). Because Curtis admits that it cannot meet this standard, the District Court properly dismissed the Sherman Act claims.

The state-law unfair competition claim, however, presents a different picture. Curtis incorporates the allegations made under the Sherman Act counts and adds allegations that Abbott maliciously defamed it by broadcasting to those in the marketplace various falsehoods about Curtis' production capabilities, the quality of Curtis' products, Curtis' financial condition, and "other acts of unfair competition, all in violation of Section 3369 of the California Civil Code." Curtis sought both an injunction against further acts of unfair competition and damages for past acts. As we have previously stated, the District Court also dismissed this unfair competition claim

with prejudice and without leave to amend. Although the court did not detail the grounds upon which it relied, it appears from the record that the judge believed that *Walker Process* required that the entire Complaint be dismissed. After consideration of the relevant issues, we are compelled to reverse as to the lower court's determination in respect to this latter portion of Curtis' Complaint.

Curtis alleged jurisdiction in the District Court that was independent of the Sherman Act claims. 28 U.S.C. § 1332(a) (diversity). Thus, the court's dismissal of the unfair competition claim, predicated upon diversity jurisdiction, must be reversed. Should the court find that the damage pleadings lack required specificity, it should, of course, consider all pertinent authorities in determining whether Curtis should be allowed to amend its complaint.

AFFIRMED in part, REVERSED in part, and REMANDED.